81 F.3d 1147
 317 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Eunice SAMUELS, et al., Appellees,
v.
DISTRICT OF COLUMBIA, et al., Appellants.
 No. 95-7162.
 United States Court of Appeals, District of Columbia Circuit.
 April 4, 1996.
 
 Before BUCKLEY, HENDERSON, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the order of the district court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The District of Columbia together with Camille Pierce and Watson Fennell, Jr., officials in the D.C. Department of Public and Assisted Housing (collectively, the "District"), appeal the district court's April 27, 1995, Order ("Order") finding them in contempt for violating the court's August 14, 1987, Final Judgment and Decree ("Decree"). The District challenges those portions of the Order finding it in contempt for (1) failing to process tenant complaints seeking monetary damages through the tenant grievance procedure; (2) refusing to accept a hearing officer's decision to award $500 in monetary damages to Ms. Twanda Aull; and (3) failing to provide access to the tenant central grievance files. The District also challenges the district court's assertion in its February 9, 1995, Memorandum that D.C.Code Section 12-309 does not apply to tenant claims for monetary damages.
 
 
 5
 As a threshold matter, we reject appellees' contention that post-judgment contempt orders containing purgation clauses are unappealable. This argument is foreclosed by Armstrong v. Executive Office of the President, 1 F.3d 1274, 1289 (D.C.Cir.1993). Accordingly, we turn to the claims raised by the District.
 
 
 6
 The District first argues that it should not be held in contempt for failing to process tenant claims for monetary damages through the grievance procedure because such claims must comply with the notice provision of section 12-309. We note, however, that the District's position at the time it was held in contempt was not merely that such claims must comply with the notice provisions of section 12-309, but rather that the section barred such claims from the tenant grievance procedure. The District's subsequent change of mind, however, has no bearing on our review of the district court's finding of contempt.
 
 
 7
 Because the District's prior "exclusionary" policy was in conspicuous violation of the Decree, see Decree, p II (hearing officers "shall have the authority to grant ... monetary damages ..."), we find that the district court properly exercised its discretion in holding the District in contempt thereof. We also affirm the court's finding of contempt with respect to the District's refusal, based on its exclusionary policy, to accept the hearing officer's award of damages to Twanda Aull. The District, of course, is free to invoke the section 12-309 notice requirement as a defense in the tenant grievance proceedings. Because the issue is not before us, however, we express no opinion as to the validity of such a defense.
 
 
 8
 The District argues, next, that it should not have been held in contempt for restricting access to the tenant central grievance files because this was necessary to protect the privacy interests of tenants participating in a witness protection program. The District further contends that the district court abused its discretion in declining to grant a request to modify the Decree to restrict access to the files. We disagree on both counts. The Decree plainly states that the central grievance files shall be made "available for inspection and copying ... [to] interested members of the public." Decree, p VII. Furthermore, in an order dated January 3, 1991, the district court approved procedures for access to the central grievance files that contained the following provision: "In the event that a properly executed request for inspection or copying is not honored in full, a statement of the reasons why the request was not honored shall be made in writing by the Office staff in the space provided on the reverse side of the attached form." This court was advised, at oral argument, that the District had given no reasons for its refusal to open its files. If the District believed that these measures were insufficient, its proper course was to ask the district court to authorize additional restrictions. See Fed.R.Civ.P. 60(b)(5). Here, the District did not request a modification of the Decree until it was looking down the barrel of a show cause order. The District's eleventh hour attempt to avoid the consequences of its contempt flies in the face of the fundamental principle that persons subject to a valid court decree "are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." GTE Sylvania, Inc. v. Consumers Union, 445 U.S. 375, 386 (1980).